FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 JUN -9 A 9: 17

Case No: _____

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ALPHONSO ROUNDTREE
LESHAWN ROUNDTREE
TIGER BAY ESTATES COMMUNITY HOA

Plaintiffs,

3:09-cv-515-J-25JRK

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS
A/K/A DEUTSCHE BANK NATIONAL TRUST COMPANY AS
TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME
LOAN TRUST 2006-OPT5, ASSET-BACKED CERTIFICATES SERIES,
2006-OPT5; LIQUIDATION PROPERTIES, INC.; FINANCIAL ASSET
SECURITIES CORP. A/K/A RBS SECURITIES INC.; OPTION ONE
MORTGAGE CORPORATION; AMERICAN HOME MORTGAGE
SERVICING, INC.; FLORIDA DEFAULT LAW GROUP, D/B/A ECHEVARRIA,
CODILIS & STAWIARSKI; COUNTY OF VOLUSIA DEPARTMENT
OF REVENUE; ANY AND ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE,
WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST
AS ASSIGNEES, DEVISEES, GRANTEES OR OTHER CLAIMANTS, ET AL.

Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

### I. Preliminary Statement

For their Complaint against the Defendants, the Plaintiffs, on behalf of themselves, state as

follows:

1. This defensive affirmative action is filed against Deutsche Bank Trust Company Americas

a/k/a Deutsche Bank National Trust Company as Trustee for Certificate Holders of Soundview

Home Loan Trust 2006-OPT5, Asset-Backed Certificates Series, 2006-OPT5, Liquidation

1

Properties, Inc., Financial Asset Securities Corp. a/k/a RBS Securities Inc., Option One Mortgage Corporation, American Home Mortgage Servicing, Inc.; Florida Default Law Group, County of Volusia Department of Revenue, Tax Collector, Defendant All Unknown Parties, et al. (collectively) hereinafter "Defendants to:

a) rescind and cancel a security interest

b) enforce rescission because of Predatory Lending Practices by characterizing a range of practices, including deception, fraud, and/or manipulation, that a mortgage broker, lender, originator, servicer or investor may use to make a loan with terms that are disadvantageous to the borrower. [Ca Civil § 1689(b)(1)]

c) reimburse all fees and costs paid and expended in a consumer credit transaction pursuant to violations of the Truth in Lending Ac, 15 U.S.C. 1601 Et Seq., and Its Implementing Regulations at 12 C.F.R 226 Et Seq. (*Reg. Z) and d) for all costs, attorney's fees and such other statutory relief as may apply against Defendants collectively pursuant to TILA, and Reg.Z.

2. Plaintiffs seek statutory, declaratory and injunctive relief to further restrain Defendants under Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. 501.201 et seq. for unfair misrepresentation and deceit as stated herein. All such state and federal law claims are properly asserted under this Court's supplemental or pendent jurisdiction.

## II. Parties

(A) Plaintiffs:

3. Plaintiff, Alphonso Roundtree (hereinafter the "Plaintiff (1)" is a consumer and natural person under 15 U.S.C. 1602. Plaintiff has substantive rights as a citizen domiciled here in Florida, who has vested interest in the property, made all repairs and improvements needed to maintain the

property in good condition, known as 1636 Roosevelt Blvd. Daytona Beach, FL 32124 (hereinafter the "Property").

4. Plaintiff, LeShawn Roundtree (hereinafter the "Plaintiff (2)" is a consumer and natural person under 15 U.S.C. 1602. Plaintiff (2) has substantive rights as a citizen domiciled here in Florida, the owner of the Property and at all times relevant and material hereto, reside on the Property as his primary family home.

5. Plaintiff, Tiger Bay Estates Community Homeowners Association, Inc. (hereinafter the "Plaintiff (3)" is a Florida Corporation. Plaintiff (3) has substantive rights as the governing organization responsible for enforcing the covenants, conditions and restrictions that applies to the Property in the common area known as "Tiger Bay Estates" subdivision.

(B) Defendants:

6. Defendant Deutsche Bank Trust Company Americas a/k/a Deutsche National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5 (hereinafter "Deutsche Bank") is a New York Corporation, doing business in California and Florida. It is a national banking association organized and existing under the laws of the United States, with its principal place of business at 60 Wall St, New York, NY 10005-2836 and registered agent c/o CT Corporation System, (ca)(ra), 818 West Seventh Street STE 200B, Los Angeles, CA 90017

7. Defendant Liquidation Properties, Inc., (hereinafter "Liquidation Properties") is a Delaware Corporation, doing business in Florida with a registered principal office designated in New York, NY. This Defendant may be served with service of process by serving its statutory agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

3

8. Defendant Financial Asset Securities Corp. a/k/a RBS Securities Inc. (a subsidiary of Royal Bank of Scotland) and depositor of the Sound View Home Loan Trust 2006-OPT5, Asset-Backed Certificates, Series 2006-OPT5 doing business in Delaware and Connecticut with its principal place of business at 600 Steamboat Rd, Greenwich, CT 06830.

9. Defendant Option One Mortgage Corporation (hereinafter "Option One") is a loan originator, servicer and creditor on behalf of Defendant Deutsche Bank as that term is defined under 15 U.S.C. 1602 and Reg Z 226.2(a)(17) and "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6). At all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or maybe imposed. This Defendant may be served with service of process by serving the Officer in Charge at Option One Mortgage Corporation, PO Box 44042, Jacksonville, FL 33231 and 6501 Irvine Center Drive, Irvine, CA 92618 and its statutory agent CT Corporation System, (ca)(ra), 818 West Seventh Street STE 200B, Los Angeles, Ca 90017.

10. Defendant American Home Mortgage Servicing, Inc. (hereinafter "AHMS") is a Servicer and "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6) on behalf of Option One Mortgage and Deutsche Bank with its principal place of business at 4600 Regent Blvd., Irving, TX 75063. All Defendants are subject to the provisions of the FCCPA.

11. Florida Default Law Group, P.L. d/b/a Echevarria, Codilis & Stawiarski, ("FDLG") is a limited liability company and "debt collector" as defined by the FDCPA at 15 U.S.C., Section 1692a(6), which was formed under the laws of the state of Florida, with its headquarters being located at 9119 Corporate Lake Drive, Suite 300 Tampa, Florida 33634.

12. Defendant, County of Volusia Department of Revenue, the Tax Collector for properties in Volusia County, principle location at 123 W. Indiana Avenue Room 103, Deland, FL 32720.

4

13. Defendants, All Unknown Parties collectively, et al.

### III. Jurisdiction/Venue:

14. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C 1331, pursuant to 15 U.S.C 1640(e) for TILA claims, 28 U.S.C. 1367 for supplemental jurisdiction and the Fair Debt Collection Practices Act claim pursuant to 28 U.S.C. § 1331 of Plaintiffs state law claims. Plaintiffs' claims are related to the claims with the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. 2201. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Jurisdiction of this court arises under 15 U.S.C. § 1689, 1692k(d) and 28 U.S.C., § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this district pursuant to U.S.C. § 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here and that the Defendants transact business here and the conduct complained of occurred in this State.

### IV. Statement of Facts Material to Transaction

16. Plaintiffs have standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by Truth in Lending Act. The debt sought to be collected by the Defendants herein was a consumer debt.

17. The loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes. All conditions precedent have been performed or have occurred and Truth in Lending act violations and rescission may be asserted due to Defendants failure to honor a

5

valid rescission. Notice.

18. Plaintiff (2) has been the object of consumer debt collection activity by all of the Defendants, which activity occurred within one year prior to the date of filing this action for acts for which the Plaintiff (2), seeks recovery under the FDCPA, and within two years for acts for which the Plaintiff (2) seeks recovery under the FCCPA.

19. On or about March 5, 2006 Plaintiff (2) provided an application to Defendants, through Defendants broker agent for a conventional home mortgage comprised of a first lien to finance property located at 1636 Roosevelt Blvd., Daytona Beach, FL 32124.

20. At all times material herein, Plaintiff was a resident of Volusia County, Florida and over the age of 21 years. At all times material herein, Defendant, Option One Mortgage Corporation financed mortgages in the state of Florida and conducted business in the state of Florida.

21. On or about April 12, 2006, Defendant, Option One Mortgage Corporation assigned a loan number to Plaintiff's purchase package, to wit: loan # 00213487, #0021348800, and 21348719.

22. On or about May 10, 2006, Plaintiff requested and the Defendants failed to produce a Truth-In-Lending Disclosure Statement consistent with the mortgage payments and annual percentage rate represented by Defendants to Plaintiff.

23. The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

24. The Transaction is a Consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a) as enumerated. The Transaction is subject to all requirements set forth in 15 U.S.C. § 1637 and Reg. Z §§ 226.6 –226.15.

25. Plaintiff has a continuing right to rescind the Transaction until the Third business day after receiving both the proper Notice of Right of Rescission and delivery of all "material" disclosures correctly made in a form the Plaintiff may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.15, and the three day right has not expired.

26. On about November 28, 2008, Plaintiff sent a valid rescission notice by certified mail return receipt and facsimile to Defendants.

27. Defendants have failed to honor Plaintiff's valid rescission notice, failed to seek judicial guidance for rescission and failed to terminate collection of finance charges and interest.

28. Plaintiff now disputes further collection of finance charges or other charges due to rescission of the Transaction, and has requested a full accounting and credit of all previous payments so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

29. The original promissory note and by using the initial inflated market value ($685,000), which includes a 1st mortgage and 2nd mortgage by Defendants. In addition to the option-arm term, a second mortgage would be unknowingly "piggybacked" to the senior lien with an extraordinarily high variable interest rate. Defendant, Option One Mortgage, transferred the mortgage loan to Deutsche Bank as the Trustee for Certificate Holders of Soundview Home Loan Trust 2006-OPT5 (Asset-backed certificates series 2006-OPT5) and its loan servicing rights to American Home Mortgage Servicing Inc., with a new loan number, in effect, clouding the mortgage document trail.

30. The 1st lien is $532,000.00 at 8.7% interest with the 2nd lien is $133,000 at 12% interest. Insurance coverage is $406,000 and premium amount is $6,165. The loans were considered sub prime loans and the promissory note documents have been mysteriously lost.

The mortgage brokers involved in each of the loans may also been given illegal kickbacks using a yield-spread premium. Plaintiff (1) has paid over $3,000 unsuccessfully, in the form of cash/checks to Consulting Agencies in an attempt reasonable loan modification through Defendants, but was declined by Defendants.

31. In the interim all of the Defendants relied on a third-party a property appraisal report falsely stating that the Property was vacant and abandoned in 2007 by Plaintiff (2), which was untrue. All utilities were paid with the property being regularly maintained/manicured year round by Plaintiffs.

32. Defendants' actions are in violation of the Fair Credit Act Federal Trade Commission (FTC) debt collection laws to [15 USC 1692e] Debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

33. Non-existence of original promissory note. The Defendants, as debt collectors may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and using fraud by representatives…[15 USC 1692e].

34. The use of any business, company, or organization names other than the true name of the debt collector's business, company, or organization. § 812. Furnishing certain deceptive forms [15 USC 1692j] (b). Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title. § 808. Unfair practices [15 USC 1692f], § 809. Validation of debts [15 USC 1692g].

8

35. The Defendants (collectively) knowingly used unfair or unconscionable means to collect or attempt to collect a debt by collecting amounts from the Plaintiff (1) that were not either expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1) and § 559.72(7) and (9), Fla. Stat.

**COUNT I: CLAIM FOR VIOLATIONS OF TILA, FDCPA**

36. Plaintiffs re-allege and incorporate each paragraph set forth as if fully stated herein.

37. As a result of violating the FDCPA, each Defendant is liable to the Plaintiffs for statutory damages of $1,000.00 per Defendant, together with actual damages, costs, and attorney's fees, all as provided in 15 U.S.C. § 1692k.

38. Any further acts to enforce an invalid security instrument are wrongful, improper, and a serious breach of Defendants' fiduciary duty and obligations. Such acts violate TILA and are contrary to the explicit statutory requirements and contract between the parties.

39. (Federal Fair Debt Collection PracticesAct,15U.S.C.§ 1692e)

**COUNT II: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

40. Plaintiff re-alleges and incorporates each paragraph set forth above as if stated herein.

41. This is an action for statutory, injunctive and declaratory relief, and for damages pursuant to Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq., (hereinafter the "Florida DUTPA")

42. Plaintiff is both a consumer and actual person as that term is defined under Fla. Stat. § 501.203 (7) at all material times relevant to the instant matter

43. The Defendants at all material times relevant to the instant matter are engaged "trade or commerce" as that term is defined under Fla. Stat. § 501.203(8).

44. A violation of Florida DUTPA may be based on "[a]ny law, statute, rule, regulation or

ordinance which proscribes unfair methods of competition, or unfair, deceptive or unconscionable acts or practices" pursuant to Fla. Stat. § 501.203(3)(c)

45. The provisions of this part shall be construed liberally to promote the following policies:

   (a) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition and unconscionable, deceptive, and unfair trade practices.

   (b) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

   (c) To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

46. Defendants violated the Florida DUTPA by engaging in generally and specifically unfair and deceptive acts and practices including but not limited to:

   (a) their failure to timely rescind the Transaction or seek judicial guidance,

   (b) their failure to provide mandatory material disclosures, clear and conspicuous and subject to TILA, and Reg. Z.

   (c) their failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission and proper Truth in Lending Disclosure Statement as described above

47. The business acts and practices of Defendants, as herein above alleged, induce confusion and constitute "unfair" business practices under Florida DUTPA.

48. Said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to Plaintiff, consumers, and potential homeowners. Plaintiff was thereby damaged and has a substantial ascertainable loss.

49. Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants provide appropriate restitution.

50. Plaintiff seeks recovery of attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action pursuant to Florida DUTPA and any other applicable law.

51. Plaintiffs incorporate by reference all of the foregoing allegations in the Complaint. Federal law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt…" including the "false representation of…. the character, amount, or legal status of any debt…" and the "threat to take any action that cannot legally be taken…" 15 U.S.C. 1692e.

52. These violations of the TILA and FDCPA entitle Plaintiffs to recover the actual damages they have sustained as a result of defendants's actions and costs and reasonable attorney fees.

**COUNT III: CLAIM FOR VIOLATIONS OF TILA, FCCPA**

53. Plaintiffs re-allege and incorporate herein by reference the paragraphs contained in Parts I, II, III, and IV above.

54. As a result of violating the TILA, FCCPA, each Defendant is liable to the Plaintiffs for statutory damages of $1,000.00 per Defendant, together with actual damages, costs, and attorney's fees, all as provided at § 559.77, Fla. Stat.

55. The FCCPA, at § 559.77(2), Fla. Stat., provides for the imposition of punitive damages against offending parties within the discretion of the Court, and the Plaintiffs may claim such damages now. Cohen v. Office Depot, 184 F.3d 1292(11th Cir. 1999); reaffirmed, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The Plaintiffs accordingly requests that the Court discretion and impose punitive damages on the Defendants herein upon the showing of abuse and exercise such harassment of the Plaintiffs through various violations of both the TILA and

FDCPA.

56. Plaintiffs incorporate by reference all of the foregoing allegations in the Complaint. Plaintiff (1) has maintained all material closing documents securely at his home and will disclose and provide any other relevant documents in good faith upon request.

57. The Defendants have violated Section 2921.03 by knowingly filing complaints alleging ownership of promissory notes and mortgages when in fact it did not own the notes or mortgages, and by knowingly filing complaints as trustee in reckless disregard of the fact that Defendant one or more of the Defendants were not authorized to engage in such activities as trustee in Florida.

58..As a result of Defendants' conduct, the Plaintiffs have been injured, including through the loss of the equity in their property, through penalties, court costs and attorney fees charged against their accounts on lawsuits filed under false and misleading circumstances, and from other incidental and consequential costs and expenses attendant to being dispossessed of their mortgaged property.

60. Plaintiff (2) only may have a right to cause Defendant to divest its interest in his property, but there are charges which Defendants have collected and are attempting to collect against equity that were charged or incurred in violation of the laws described elsewhere in this Complaint.

61. There are questions of law and fact.

## V. JURY DEMAND

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs demand a trial by jury on all eligible claims and issues in this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, as a result of the violations of TILA and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), 15 U.S.C. § 1692(k), and 1641(c) and Florida DUTPA, Plaintiff pray for

judgment against Defendants as follows:

    a.    Rescission of this Transaction,

    b.    Termination of any security interest in Plaintiff's property created under the Transaction,

    c.    Return of any and all monies or property given by Plaintiff to anyone, including the Defendants, in connection with this transaction,

    d.    Statutory damages under Florida DUTPA and no less than $2,000 for any TILA disclosure violations, or in the amount of twice the finance charge in connection with this entire transaction, but not less than $2,000 as provided under 15 U.S.C. § 1640,

    e.    Statutory damages of no less than $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice,

    f.    Order Defendants to return any and all monies or property given by Plaintiff top to anyone, including all Defendants in connection with the Transaction,

    g.    Enjoin Defendants during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining any judicial proceeding on the Plaintiff's property, from recording any deeds or mortgages regarding the properly or from otherwise taking any steps to deprive Plaintiff of ownership of the property,

    h.    Order that if Defendants further fail to respond to Plaintiff's valid rescission, Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of tender obligation in light of Plaintiff's claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time.

13

    i.    Award Plaintiff actual damages, injunctive relief, and restitution as provided under TILA and Florida DUTPA

    j.    Award Plaintiff reasonable attorney fees and costs of suit,

    k.    Award Plaintiff such other and further relief as the Court may deem just and proper.

Dated: June 5, 2009                           Respectfully submitted,

                                              s/ Alphonso Roundtree

                                              s/ LeShawn Roundtree

CERTIFICATE OF SERVICE

HEREBY CERTIFY that on about June 5, 2009, Plaintiffs filed the foregoing with the U.S. Middle District Court, by mail. Plaintiff further certify that we mailed the foregoing document by first-class and or certified mail to all of the above named Defendants

Sincerely,

*[signature]*
Alphonso Roundtree

*[signature]*
LeShawn Roundtree